UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK EVANS, | ) |
| Movant, | ) |
| v. | ) No. 4:16-CV-1185 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant Derrick Evans's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, as supplemented, based on Johnson v. United States, 135 S. Ct. 2551 (2015), and Mathis v. United States, 136 S. Ct. 2243 (2016).[1] Johnson held that the Armed Career Criminal Act's[2] ("ACCA") residual clause is unconstitutional.

The government opposes the motion, arguing that Johnson does not affect movant's sentence and he remains an armed career criminal because his ACCA predicate offenses were either enumerated clause convictions (Missouri burglary first degree and burglary second degree) or

---

[1]This case was stayed pending the decision of the Eighth Circuit Court of Appeals in United States v. Naylor, 887 F.3d 397 (8th Cir. 2018) (en banc). Following the Eighth Circuit's decision in Naylor, the Court ordered the U. S. Probation Office to prepare a revised Resentence Report in this matter, ordered the parties to file any objections thereto within fourteen days of its filing, and ordered the Probation Office to file a final copy of the Resentence Report within seven days after objections were filed. (Order of April 6, 2018, Doc. 20 at 1-2.) The government filed a Response and Objections to Resentencing Report in the criminal case on May 8, 2018. The government was ordered to file any amended response to the motion to vacate within fourteen days of the filing of the final copy of the Resentence Report. (Doc. 20 at 2.) The final Resentence Report was filed in the criminal case on May 10, 2018, so the government had until May 24, 2018 to file an amended response. The government did not file a revised opposition by that date and therefore has waived the opportunity to do so.

[2]18 U.S.C. § 924(e).

elements/use of force convictions (Missouri domestic assault second degree), and not residual clause violent felonies. The government also argues that movant's motion is not cognizable in a successive habeas action to the extent it attacks his Missouri burglary convictions because he seeks relief based on statutory interpretation principles set forth in <u>Mathis</u>, as opposed to the constitutional holding in <u>Johnson</u>. Thus, the government contends movant does not rely on a new rule of constitutional law, as required by 28 U.S.C. § 2255(h)(2).

For the reasons stated below, the Court finds that movant has shown the ACCA no longer authorizes his sentence, and will grant the motion to vacate.

## I. Background

On February 8, 2007, movant was indicted and charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). <u>See</u> <u>United States v. Evans</u>, No. 4:07-CR-87 CAS (E.D. Mo.) (Doc. 1). Movant pleaded guilty on July 6, 2007. (Docs. 31, 32, No. 4:07-CR-87.) A presentence investigation report ("PSR") was prepared after the guilty verdict. (Doc. 76, No. 4:07-CR-87.) The PSR stated that movant met the Armed Career Criminal provisions of 18 U.S.C. § 924(e) as he "has prior convictions for Burglary Second Degree (Docket No. 01CR-4161), Burglary First Degree (Docket No. 01CR-2357), two counts of Burglary Second Degree (Docket No. 01CR-2360), Burglary Second Degree (Docket No. 01CR-2275), and two counts of Domestic Assault Second Degree (Docket No. 04CR-1586)." (<u>Id.</u> at 6, ¶ 26.)

On September 25, 2007, the Court sentenced movant to 180 months imprisonment and a three-year period of supervised release. Movant appealed, arguing that four prior convictions for offenses he committed at age 17 should not have been used to enhance his sentence under 18 U.S.C.

§ 924(e). The Eighth Circuit Court of Appeals rejected this argument and affirmed. United States v. Evans, 317 F. App'x 580, 581 (8th Cir. 2009).

Movant filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on August 9, 2010. The Court dismissed the action as time barred. Evans v. United States, No. 4:10-CV-1490 CAS (E.D. Mo.) (Mem. and Order of Sept. 20, 2010). Movant did not appeal the dismissal. Movant filed a second pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on December 1, 2011. The Court dismissed the motion without prejudice after movant failed to comply with the Court's order requiring him to file an amended motion to vacate on a court-provided form. Evans v. United States, No. 4:11-CV-2112 CAS (E.D. Mo.) (Order of Apr. 17, 2012). Movant did not appeal the dismissal.

After the Supreme Court decided Johnson, movant filed a third pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Evans v. United States, 4:16-CV-218 CAS (E.D. Mo.). Through counsel, movant filed a petition for authorization with the Eighth Circuit Court of Appeals to file a successive motion under 28 U.S.C. § 2255, which was granted. Evans v. United States, No. 16-1676 (8th Cir. June 30, 2016). Counsel subsequently filed an amended motion to vacate, but the Court dismissed the case without prejudice because jurisdiction was lacking at the time the action was filed, and directed the Clerk to open a new case with the amended motion to vacate filed by counsel along with the judgment and mandate from the Court of Appeals, with the filing date of June 30, 2016. Evans, 4:16-CV-218 CAS (Order of July 19, 2016). The instant case was opened on June 30, 2016.

## II. Legal Standard

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Movant bears the burden to show he is entitled to relief. Day v. United States, 428 F.2d 1193, 1195 (8th Cir. 1970). In a case involving an ACCA conviction such as this one, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." Hardman v. United States, 149 F.Supp.3d 1144, 1148 (W.D. Mo. 2016); see also Hardman v. United States, 191 F.Supp.3d 989, 992-93 (W.D. Mo. 2016) (denying government's motion for reconsideration on the issue of the burden of proof).

## III. Discussion

In the motion to vacate, movant asserts that after Johnson declared the ACCA's residual clause unconstitutional, his domestic assault and burglary convictions no longer qualify as predicate offenses, as they do not qualify as violent felonies under the enumerated offenses or force clauses of the ACCA. The government opposes the motion, responding that despite Johnson, movant is still subject to the armed career criminal enhancement because his status does not rest on the ACCA's residual clause. The government asserts that movant's ACC convictions were either classified as violent felonies under the enumerated clause of the ACCA (the first- and second-degree burglary convictions), or the elements/use of force clause (domestic assault second), and not the residual clause.

The government also asserts that movant's claims are not cognizable in a successive § 2255 habeas action, as his motion fails to meet 28 U.S.C. § 2255(h)(2)'s requirement that a successive motion be based on a new rule of constitutional law. The government argues that movant "attacks

4

his second degree burglary convictions based on Missouri's definition of 'inhabitable structure'" which "demonstrates reliance on the statutory interpretation principles espoused in Mathis v. United States, 136 S. Ct. 2243 (2016), not the constitutional holding in Johnson." Response at 6.

Movant replies that his motion meets the requirements of § 2255(h)(2) as it is based on Johnson's new rule of constitutional law that is retroactive to cases on collateral review, Welch v. United States, 135 S. Ct. 2551 (2015), and which was previously unavailable to him. Movant states that because the definition of inhabitable structure used in Missouri's burglary statute is broader than generic burglary as defined in Taylor v. United States, 495 U.S. 575 (1990), see United States v. Bess, 655 F. App'x 518, 519 (8th Cir. 2016) (unpublished per curiam), his burglary conviction does not qualify as an ACCA enumerated predicate offense, but at the time of sentencing it qualified under the ACCA's residual clause based on Eighth Circuit precedent such as United States v. Hascall, 76 F.3d 902, 906 (8th Cir. 1996), and United States v. Bell, 445 F.3d 1086, 1090 (8th Cir. 2006). Movant correctly observes that at sentencing, the Court did not specify the basis on which it found the burglary convictions to be ACCA violent felonies.

*A. The Armed Career Criminal Act*

Movant's claim for relief relies on the interaction of recent Supreme Court cases interpreting the ACCA. Ordinarily, the crime of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g) is subject to a maximum punishment of fifteen years. 18 U.S.C. § 924(a). The ACCA enhances the sentence and requires a fifteen-year minimum sentence if a person who violates § 922(g) has three previous convictions for a "violent felony." The statute defines violent felony as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves

5

use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized language, commonly known as the "residual clause," is the portion of the statute invalidated by Johnson, see 135 S. Ct. at 2556-57. The remaining clauses, § 924(e)(2)(B)(i) (the "elements clause"), and the first clause of § 924(e)(2)(b)(ii) (the "enumerated offenses clause"), are still effective. Id. at 2563. Subsequently, the Supreme Court held that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch, 136 S. Ct. at 1268.

*B. Movant Meets the Requirements of 28 U.S.C. §§ 2244 and 2255(h)(2)*

Section 2244(b)(4) of Title 28 states that a "district court shall dismiss any claim presented in a second or successive application that the court of appeal has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." Separately, Section 2255(h)(2) requires that a second or successive habeas motion must contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

The government argues that movant's motion does not present a cognizable claim because it is not based on a new rule of constitutional law as required by 28 U.S.C. § 2255(h)(2). The government contends that movant attacks his burglary convictions using a means/elements analysis of the Missouri burglary statute, and is therefore based on statutory interpretation principles set forth in Mathis, and not on the constitutional holding in Johnson that announced a new rule of federal law.

In Mathis, the Supreme Court held that in determining whether a prior conviction qualifies as an ACCA predicate, the modified categorical approach of analysis cannot be used if the statute itemizes various factual means of committing a single element of a crime, instead of listing multiple

6

elements disjunctively. Mathis, 136 S. Ct. at 2248-53. Specifically, the Court held that because the elements of Iowa's burglary statute – which applies to "any building, structure, [or] land, water, or air vehicle" – are broader than those of generic "burglary" – which requires unlawful entry into a "building or other structure" – prior convictions under the Iowa burglary law cannot give rise to a sentence enhancement under the ACCA. Id. at 2256, 2257.

As this Court and other courts have recognized, it is Johnson, and not earlier Supreme Court decisions such as Mathis, that may offer persons such as movant relief from his status as an armed career criminal. See United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017); Slaughter v. United States, 2017 WL 1196483, at *3-4 (E.D. Mo. Mar. 31, 2017); Redd v. United States, 2017 WL 633850, at *3-4 (E.D. Mo. Feb. 16, 2017); Darden v. United States, 2017 WL 168458, at *2 (E.D. Mo. Jan. 17, 2017); Givens v. United States, 2016 WL 7242162, at *3-4 (E.D. Mo. Dec. 15, 2016); Taylor v. United States, 2016 WL 6995872, at *3-5 (E.D. Mo. Nov. 30, 2016); Hayes v. United States, 2016 WL 4206028, at *2 (E.D. Mo. Aug. 10, 2016); see also United States v. Ladwig, 192 F.Supp.3d 1153, 1159-60 (E.D. Wash. 2016).

This is because without Johnson's invalidation of the residual clause, movant would not have a claim under Mathis that he is not an armed career criminal. After Mathis, movant's Missouri second-degree burglary conviction could no longer be a predicate ACCA violent felony as an enumerated offense, but the conviction would still have qualified as a predicate felony under the residual clause. See United States v. Cantrell, 530 F.3d 684, 695-96 (8th Cir. 2008) (holding that Missouri's second-degree burglary offense was categorically a "crime of violence" despite the statute's broad definition of "inhabitable structure."). "Only with Johnson's invalidation of the residual clause could [movant] reasonably argue that he is no longer eligible for the ACCA

7

enhancement." Ladwig, 192 F.Supp.3d at 1159-60; see Redd, 2017 WL 633850, at *3; Givens, 2016 WL 7242162, at *3; Taylor, 2016 WL 6995872, at *3; Hayes, 2016 WL 4206028, at *2; see also Winston, 850 F.3d at 682 & n.4 ("Although Winston's claim depends on the interplay between Johnson II, permitting post-conviction review of the ACCA-enhanced sentence, and Johnson I, defining the scope of the force clause, Winston nonetheless relied to a sufficient degree on Johnson II to permit our present review of his claim.")

Because Johnson provides movant with an avenue of relief that was not previously available to him, his motion utilizes that decision and therefore relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Court accordingly rejects the government's argument.

*C. Movant Has Shown the ACCA May No Longer Authorize His Sentence*

The government also argues that movant has not established he was sentenced under the ACCA's residual clause, as opposed to its enumerated and elements clauses, and therefore fails to meet his burden to show that Johnson's invalidation of the residual clause affects his status as an armed career criminal.

There is no mention in the underlying criminal case of the specific basis for movant's sentence under the ACCA.[3] This Court has held that where it cannot be determined under which

---

[3] The lack of information in the criminal case as to the basis for imposition of armed career criminal status is not surprising, as "[n]othing in the law requires a judge to specify which clause of § 924(c) . . . it relied upon in imposing a sentence," In re Chance, 831 F.3d 1335, 1340 (11th Cir. 2016); Winston, 850 F.3d at 682 (quoting Chance, id.). At the time of movant's sentencing there was no need to distinguish between the enumerated and residual clauses, and no need to invoke any specific clause when the Court found that movant qualified as an armed career criminal. See Givens, 2016 WL 7242162, at *3 (citing United States v. Gabourel, 192 F.Supp.3d 667, 671-72 (W.D. Va. 2016)).

clause the prior offenses were found to be predicate offenses, a movant need only show the ACCA may no longer authorize his sentence. Maxwell v. United States, 2017 WL 690948, at *2 (E.D. Mo. Feb. 21, 2017) (citing In re Chance, 831 F.3d 1335, 1339 (11th Cir. 2016)); see also United States v. Oslund, 2017 WL 4621280, at *6, n.6 (D. Minn. Oct. 13, 2017) (citing cases; stating a "majority of courts have adopted this analysis."); Bevly v. United States, 2016 WL 6893815, at *1, No. 4:15-CV-965 ERW (E.D. Mo. Nov. 23, 2016) (holding the "better approach" was to find relief available because the Court may have relied on the unconstitutional residual clause; citing Johnson v. United States, 2016 WL 6542860, at *2 (W.D. Mo. Nov. 3, 2016)); Givens, 2016 WL 7242162, at *4; Ladwig, 192 F.Supp.3d at 1158-59. Because movant has shown that the Court might have relied upon the unconstitutional residual clause in finding that his prior convictions qualified as violent felonies, he has established constitutional error.

    *D. Movant's Prior Convictions for Burglary No Longer Qualify as Violent Felonies*

In Naylor, the en banc Eighth Circuit Court of Appeals held that Missouri second-degree burglary convictions under Missouri Revised Statutes § 569.170 (1979) do not qualify as violent felonies under the ACCA.[4] Naylor, 887 F.3d at 399. The Court of Appeals held that the statute's phrase "building or inhabitable structure" specifies means, not elements, and as a result the statute is indivisible as to that phrase and the categorical approach is applied. Naylor, 887 F.3d at 406-07. Because the statute covers more conduct than does generic burglary, convictions under it do not qualify as ACCA violent felonies. Id.

---

[4] The holding applies to convictions under the Missouri second-degree burglary statute as it existed from January 1, 1979 to December 31, 2016. Naylor, 887 F.3d at 399, n.2.

The holding in Naylor represents a rejection of the government's arguments concerning the correct interpretation of § 569.170 as detailed in its Response to the § 2255 Motion (Doc. 15 at 7-18). Consequently, none of movant's Missouri burglary convictions now qualify as violent felonies under the ACCA, as the government concedes in its Response and Objections to the Resentencing Report (Doc. 79 at 3). Movant therefore does not have three ACCA predicate offenses to qualify for the statutory enhancement, and it is unnecessary for the Court to reach the issue whether movant's conviction for Missouri domestic assault second degree is a crime of violence, post-Johnson.[5]

## IV. Conclusion

For the foregoing reasons, under Johnson v. United States, 135 S. Ct. 2551 (2015), movant Evans's convictions for Missouri burglary offenses no longer qualify as violent felonies under the ACCA. As a result, movant has established that his sentence is "in excess of the maximum authorized by law," 28 U.S.C. § 2255(a), because he does not have three ACCA predicate offenses to qualify for the statutory enhancement. Movant is entitled to be resentenced.

Accordingly,

**IT IS HEREBY ORDERED** that movant Derrick Evans's Motion to Vacate, Set Aside, or Correct Sentence, as supplemented, is **GRANTED**. [Docs. 1, 2]

**IT IS FURTHER ORDERED** that the judgment and commitment in United States v. Derrick Evans, No. 4:07-CR-87 CAS, filed September 25, 2007 (Crim. Doc. 40) is **VACATED**.

---

[5]Compare United States v. Fields, 863 F.3d 1012, 1015 (8th Cir. 2017) (Missouri second-degree assault under § 565.060.1(3) is not a crime of violence), with United States v. Alexander, 809 F.3d 1029, 1032-22 (8th Cir. 2016) (Missouri second-degree assault under § 565.060.1(2) is a crime of violence), and United States v. Minnis, 872 F.3d 889, 892 (8th Cir. 2017) (Missouri attempted first-degree assault under § 565.050 is a crime of violence).

**IT IS FURTHER ORDERED** that the United States Probation Office shall promptly prepare an updated presentence investigation report on Mr. Evans. Movant is granted a new sentencing hearing, to be set as soon as the presentence investigation report is completed.[6] Until the sentencing hearing, Mr. Evans's detention order (No. 4:07-CR-87 CAS, Doc. 15), remains in full force and effect.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide a copy of this Memorandum and Order to the United States Probation Office.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to docket a copy of this Memorandum and Order in the criminal case, No. 4:07-CR-87 CAS.

An appropriate judgment will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of June, 2018.

---

[6]Mr. Evans filed a Waiver of Appearance for Resentencing in the criminal case that acknowledges his right to personally appear at sentencing, waives his right to appear, and agrees to entry of a sentence within the sentencing guidelines without his personal appearance. (No. 4:07-CR-87 CAS, Doc. 81.)